UNITED STATES BANKRUPTCY COURT
Middle DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE:  ) | |
| ) | |
| Matthew P. Boos,  ) | Case # 6:18-bk-04858-CCJ |
| Kerri L. Boos,  ) | Chapter 7 |
| ) | |
| <u>            Debtors.            </u>  ) | |

**CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m), (II) SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE, AND <u>(III) OTHER RELIEF</u>**

Richard B. Webber II (the "<u>Trustee</u>") duly appointed Chapter 7 Trustee for the above referenced debtors (the "<u>Debtors</u>"), pursuant to Sections 105 and 363 of the Bankruptcy Code, hereby files this motion ("<u>Motion</u>") for entry of an Order granting authority to sell certain real property free and clear of all liens, encumbrances, and interests. In support thereof, the Trustee respectfully states as follows:

JURISDICTION

1.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2.  Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3.  The basis for the relief requested are 11 U.S.C. §§ 363(b), (f), and (m), Federal Rules of Bankruptcy Procedure 2002 and 6004.

BACKGROUND

4.  On 08/10/2018 the Debtors commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "<u>Petition Date</u>").

5.  Richard B. Webber II is the duly appointed and qualified Chapter 7 Trustee.

6.  The Trustee held and concluded the 341 meeting of creditors on 09/20/2018.

7. The Debtors scheduled a 100% ownership interest in the real property located at 781 WHOOPING CRANE CT SANFORD, FL 32771 (the "Property") and legally described as follows:

> Lot 653, LAKE FOREST SECTION 18, according to the plat thereof recorded in Plat Book 61, Pages 40 and 41, Public Records of Seminole County, Florida.

8. The Debtors scheduled the Property as having a value of $427,826.00 subject to mortgages in favor of U.S. Bank Home Mortgage and TCF National Bank (the "Secured Creditors"), in the amount owed on the Petition Date of approximately $396,080.00 and $42,520.00 respectively.

9. The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BK Global ("BKRES") and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

   a. sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

   b. buy the Property from the Debtor's estate if (and only if) no such offer is made;

   c. release the Senior Mortgage and otherwise waive of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

   d. agree to a 11 U.S.C. § 506 surcharge to pay the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carve out for the benefit of allowed unsecured creditors

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

of the Debtor's estate.

10. The Secured Creditors, U.S. Bank Home Mortgage and TCF National Bank, have represented and warranted that they each possess a valid, perfected, enforceable and unavoidable first mortgage lien as to the former and second mortgage lien in favor of the latter, secured by the property pursuant to a promissory note and mortgage recorded in the Official Records of Seminole County, Florida, consisting of principal and Interest (the "Secured Creditor Indebtedness").

## RELIEF REQUESTED

11. The Trustee requests the entry of an order pursuant to Section 363 of the Bankruptcy Code approving the sale of the Property, using the services of BKRES and Listing Agent, free and clear of all liens, claims, encumbrances, and interests. As a material inducement to the Trustee's decision to pursue the proposed sale, the Secured Creditor consents to the Property's sale and the creation of a carve-out fund (the "Carve-Out Fund") that will provide for the costs of this case to be paid and provide a recovery for other creditors. The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property be required to assert no later than 5 days prior to the hearing on the instant Motion, and substantiate the basis for such asserted interest or secured claim, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.

## BASIS FOR RELIEF

A. The Sale of the Property Should Be Approved

12. The Trustee seeks the Court's authority to sell the Property free and clear of all liens, claims, encumbrances, and interests, but otherwise "As-Is, Where-Is" and without representations or warranties of any type, express or implied, being given by the Trustee and his professionals, pursuant to the Sale procedures described below.

13. Pursuant to Section 363(b) of the Bankruptcy Code, a Trustee, after notice and

3

hearing, may use, sell, or lease property of the Debtor's estate other than in the ordinary course of business. The Court should approve the sale if the Trustee can demonstrate a sound business justification for the sale and if the sale process is fair, open, and reasonable. *See Official Comm. Of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008). Further, Bankruptcy Rule 6004(f) contemplates sales outside of the ordinary course of business.

14. The Trustee, through the services of BKRES and Listing Agent, have listed the property and accepted an offer that has been approved by the Secured Creditor and will result in a carve-out for the Bankruptcy Estate of $28,700.00. Attached as Exhibit "A" are the HUD and letter of consent/approval from the Secured Creditor.

15. Accordingly, the Trustee submits that the sale of the Property pursuant to the above process is reasonable under Section 363(b) of the Bankruptcy Code.

B. <u>The Sale of the Property Should Be Approved Free and Clear of All Interests</u>

16. Pursuant to Section 363(f) of the Bankruptcy Code, the Trustee may sell property free and clear of any interest in such property in an entity other than the estate if (1) permitted under applicable non-bankruptcy law; (2) the party asserting such interest consents; (3) the interest is a lien and the purchase price at which the property is to be sold is greater than the aggregate value of all liens on the property; (4) the interest is the subject of a bona fide dispute; or (5) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. *See In re Smart World Techs.*, LLC, 423 F.3d 166, 169 n.3 (2d Cir. 2005) ("Section 363 permits sales of assets free and clear of claims and interests . . . It thus allows purchasers . . . to acquire assets [from a debtor] without any accompanying liabilities."); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

17. The Trustee states that he shall satisfy Section 363(f)(2) of the Bankruptcy Code

because the Secured Creditor consents to a sale of the property under Section 363(f)(2) of the Bankruptcy Code, free and clear of all liens, claims, encumbrances, and interests.

18.   The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property, after proper notice is given, be required to timely assert and substantiate the basis for such asserted interest or secured claim, by filing and serving responsive papers no later than 5 days prior to the hearing on the instant Motion, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.[2]  Failure to object after proper notice and opportunity to object is deemed consent.  *See BAC Home Loans Servicing LP v.* Grassi, 2011 WL 6096509 (1st Cir. BAP Nov. 21, 2011); *Citicorp Homeowners Servs., Inc. v.* Elliott, 94 B.R. 343 (E.D. Pa. 1988); *In re* Gabel, 61 B.R. 661 (Bankr. W.D. La. 1985); *Futuresourse LLC v. Reuters Ltd.*, 312 F.3d 281 (7th Cir.); *In re Harbour E. Dev., Ltd.*, 2012WL1851015, at *12 (Bankr. S.D. Fla., May 21, 2012).

19.   Accordingly, under Section 363(f)(2) of the Bankruptcy Code, the Trustee seeks authority to sell the Property free and clear of all liens, claims, encumbrances, and interests but otherwise "As-Is, Where-Is" and without representations or warranties of any type given by the Trustee or his professionals. Notwithstanding that the Trustee will seek authority to execute all documents and instruments he deems reasonable, necessary and/or desirable to close the sale, the only documents that the Trustee shall be required to deliver to close shall be (a) a Trustee's Deed, and (b) a copy of the Final Sale Order.

20.   The Secured Creditor agrees to pay at closing (1) all outstanding real estate taxes, including any prorated amounts due for the current tax year; (2) if applicable, the lesser of any HOA fees accrued post-petition or the equivalent to twelve months' assessments and (3) all closing costs excluding professional fees but including State Documentary Stamps for the entire closing

---

[2] The Trustee reserves the right to dispute the alleged amount of any such claim both to validity and amount.

price pursuant to Florida Statue Sections 201.01 and 201.02; (4) the carve out to the Trustee. Any payments by the Secured Creditor as stated herein shall be subject to any and all limitations on the Secured Creditor's liability for any fees and costs under applicable law.

    C.    <u>The Sale Will Be Undertaken by the Buyer in Good Faith</u>

21.    Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) was later reversed or modified on appeal.

22.    The sale should be found to have been in good faith if the Trustee can demonstrate the transaction occurred at arm's-length and without fraud or collusion. *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." (citation omitted)); see *also In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of Section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

23.    The Trustee asserts that the sale of the Property will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion. Accordingly, the Trustee respectfully requests that the Court find that the purchaser(s) will be entitled to the protections of Section 363(m) of the Bankruptcy Code.

24.    The Trustee further states that:

    (a)    the Trustee has reviewed the tax implications of the proposed Sale and has determined that the proposed sale will not result in a capital gains tax event to the estate or other taxable event which would negate the benefit realized from the Carve Out;

    (b)    the Trustee has determined, based upon a review of the schedules and

information derived from the 341 meeting, that there will likely be a meaningful distribution to creditors based upon the understanding that the final sale price and the total dollar amount of claims to be filed in this case are both unknown and can only be estimated at this time; and

(c) Given the information currently available, the Trustee has made an educated evaluation and determined that the proposed Sale is in the best interest of the estate and its creditors.

25. The Trustee respectfully requests that this Court: (a) waive the 14 day stay pursuant to Rule 6004(h), deem the sale order enforceable immediately upon entry, and authorize the Trustee to close on the sale immediately upon entry of the Final Sale Order; (b) authorize the Trustee to take all actions and execute all documents he deems reasonable, necessary and/or desirable to effectuate the requested relief; (c) retain sole and exclusive personal subject matter jurisdiction to implement, interpret and enforce the terms of the this Motion and the Final Sale Order; and (d) adjudicate all claims, controversies and/or disputes arising from or related to the proposed sale.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enters an Order approving the short sale of the Property pursuant to Sections 105 and 363 of the Bankruptcy Code and for such other and further relief as this Court deems just and equitable under the circumstances of the case.

RESPECTFULLY SUBMITTED,

/s/Richard B. Webber II
Richard B. Webber II, Trustee
P.O. Box 3000
Orlando, FL 32802
Phone: (407) 425-7010
E-mail: rwebber@zkslawfirm.com

## CERTIFICATE OF SERVICE

Under penalty of perjury, I have read the foregoing Motion and herby state that it is true and correct to the best of my knowledge and belief.  I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been furnished via first-class United States Mail, postage prepaid, or via electronic file transfer to all creditors and interested parties listed on the attached matrix this 21st day of December, 2018.

RESPECTFULLY SUBMITTED,

/s/Richard B. Webber II
Richard B. Webber II, Trustee

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-6<br>Case 6:18-bk-04858-CCJ<br>Middle District of Florida<br>Orlando<br>Fri Dec 21 11:33:50 EST 2018 | BK Global Real Estate Services<br>1095 Broken Sound Parkway NW<br>Suite 100<br>Boca Raton, FL 33487-3503 | Kerri L Boos<br>2157 Northumbria Dr<br>Sanford, FL 32771-6485 |
| Matthew P Boos<br>2157 Northumbria Dr<br>Sanford, FL 32771-6485 | William Paul Henderson<br>Keller Williams Realty<br>147 W Lyman Ave<br>Winter Park, FL 32789-4367 | Priority Credit Union<br>c/o Andrew W. Houchins<br>P.O. Box 3146<br>Orlando, FL 32802-3146 |
| U.S. Bank National Association<br>Robertson, Anschutz & Schneid, P.L.<br>6409 Congress Ave., Suite 100<br>Boca Raton, FL 33487-2853 | Steven M. Vanderwilt<br>9940 Hood Road<br>Jacksonville, Fl 32257-1134 | WRI Seminole II, LLC<br>c/o Weingarten Realty Investors<br>Attn: Jenny J. Hyun, Esq.<br>2600 Citadel Plaza Dr., Suite 125<br>Houston, TX 77008-1351 |
| AMERICAN EXPRESS NATIONAL BANK<br>C/O BECKET AND LEE LLP<br>PO BOX 3001<br>MALVERN  PA 19355-0701 | American Express<br>PO Box 981537<br>El Paso, TX 79998-1537 | Avante USA<br>3600 S. Gessner<br>Suite 225<br>Houston, TX 77063-5357 |
| CAPITAL ONE, N.A.<br>C/O BECKET AND LEE LLP<br>PO BOX 3001<br>MALVERN PA 19355-0701 | Cbna<br>PO Box 6497<br>Sioux Falls, SD 57117-6497 | Chase<br>PO Box 15123<br>Wilmington, DE 19850-5123 |
| Citizens One Auto Finance<br>480 Jefferson Blvd<br>Warwick, RI 02886-1359 | Citizens One Auto Finance<br>PO Box 7000<br>Providence, RI 02940-7000 | Denise Dell-Powell<br>200 S Orange Ave<br>Suite 800<br>Orlando, FL 32801-6404 |
| Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH  43054-3025 | (p)DISCOVER FINANCIAL SERVICES LLC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 | Discover Personal Loan<br>PO Box 30954<br>Salt Lake City, UT 84130-0954 |
| Equifax<br>PO Box 740241<br>Atlanta, GA 30374-0241 | Experian<br>475 Anton Blvd<br>Costa Mesa, CA 92626-7037 | Florida Capital Bank<br>10151 Deerwood Park Blvd<br>Suite 200<br>Jacksonville, FL 32256-0566 |
| Florida Department of Revenue<br>Bankruptcy Unit<br>Post Office Box 6668<br>Tallahassee FL 32314-6668 | Home Depot<br>PO Box 790328<br>Saint Louis, MO 63179-0328 | Internal Revenue Service<br>Post Office Box 7346<br>Philadelphia PA 19101-7346 |
| JP Morgan Chase<br>270 Park Ave<br>New York, NY 10017-7924 | Kabbage<br>925B Peachtree Street NE<br>Suite 1688<br>Atlanta, GA 30309-3918 | Kohls<br>N56 W 17000 Ridgewood Dr<br>Menomonee Falls, WI 53051-7096 |

| | | |
|---|---|---|
| Mind Body Processing<br>4051 Broad Street<br>San Luis Obispo, CA 93401-8723 | Old Navy<br>PO Box 960017<br>Orlando, FL 32896-0017 | Overstock<br>PO Box 182120<br>Columbus, OH 43218-2120 |
| Priority Credit Union<br>301 E. Michigan Street<br>Orlando  FL 32806-4539 | Priority Credit Union<br>301 E. Michiganst.<br>Orlando, FL 32806-4539 | Quantum3 Group LLC as agent for<br>CF Medical LLC<br>PO Box 788<br>Kirkland, WA  98083-0788 |
| Quantum3 Group LLC as agent for<br>Comenity Capital Bank<br>PO Box 788<br>Kirkland, WA  98083-0788 | Seminole County Tax Collector<br>Post Office Box 630<br>Sanford FL 32772-0630 | TD Bank, USA<br>by American InfoSource as agent<br>PO Box 248866<br>Oklahoma City, OK  73124-8866 |
| Target<br>PO Box 660170<br>Dallas, TX 75266-0170 | Tcf National Bank<br>PO Box 1485<br>Minneapolis, MN 55480-1485 | Transunion<br>PO Box 2000<br>Crum Lynne, PA 19022 |
| US Bank Home Mortgage<br>777 E. Wisconsin<br>Milwaukee, WI 53202-5370 | US Bank Home Mortgage<br>PO Box 21948<br>Saint Paul, MN 55121-0948 | WRI Seminole II LLC<br>2600 Citidel Plaza Drive<br>Suite 125<br>Houston, TX 77008-1351 |
| WRI Seminole II LLC<br>c/o Capitol Corp Services<br>515 East ParkAve<br>2nd Floor<br>Tallahassee, FL 32301-2524 | WRI Seminole II LLC<br>c/o Capitol Corporation Serv<br>515 East Park Ave<br>2nd Floor<br>Tallahassee, FL 32301-2524 | WRI Seminole II, LLC<br>c/o Weingarten Realty Investors<br>2600 Citadel Plaza Dr., Suite 125<br>Houston, TX 77008-1351<br>Attn: Jenny J. Hyun, Esq. |
| United States Trustee - ORL7/13 +<br>Office of the United States Trustee<br>George C Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801-2210 | Andrew W Houchins +<br>Rush Marshall Jones and Kelly<br>PO Box 3146<br>Orlando, FL 32802-3146 | Richard B Webber +<br>Post Office Box 3000<br>Orlando, FL 32802-3000 |
| Marie F Benjamin +<br>1311 S Palmetto Avenue<br>Sanford, FL 32771-3455 | Shreena Augustin +<br>Roberston, Anschutz, & Schneid<br>6409 Congress Avenue<br>Boca Raton, FL 33487-2853 | Nathalie C Rodriguez +<br>Robertson Anschutz & Schneid, P.L.<br>6409 Congress Avenue, Suite 100<br>Boca Raton, FL 33487-2853 |
| Giselle Velez +<br>Robertson, Anschutz & Schneid, PL<br>6409 Congress Avenue, Suite 100<br>Boca Raton, FL 33487-2853 | Note: Entries with a '+' at the end of the<br>name have an email address on file in CMECF | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Discover Bank
PO Box 15316
Wilmington, DE 19850

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)U.S. Bank National Association | (u)Cynthia C. Jackson +<br>Orlando | End of Label Matrix<br>Mailable recipients    55<br>Bypassed recipients     2<br>Total                  57 |

**EXHIBIT "A"**

# Closing Disclosure

*This form is a statement of final loan terms and closing costs. Compare this document with your Loan Estimate.*

| Closing Information | | Transaction Information | | Loan Information | |
|---|---|---|---|---|---|
| **Date Issued** | 12/18/2018 | **Borrower** | Stuart A. Etter and Cristina R. Etter | **Loan Term** | Years |
| **Closing Date** | 02/04/2019 | | , | **Purpose** | |
| **Disbursement Date** | 02/04/2019 | | | **Product** | |
| **Settlement Agent** | Innovative Title Services, LLC | **Seller** | Richard Webber as Trustee for the BK Estate of Matthew Boos and Kerri Boos, 781 Whooping Crane Court, Sanford, FL 32771 | | |
| **File #** | KW-3574 | | | **Loan Type** | ☒ Conventional ☐ FHA ☐ VA ☐ _____ |
| **Property** | 781 Whooping Crane Court Sanford, FL 32771 | | | | |
| | COUNTY: Seminole PARCEL ID NUMBER: 20-19-30-515-0000-6530 | **Lender** | CrossCountry Mortgage Inc. | **Loan ID #** | |
| **Sales Price** | 557,000.00 | | | **MIC #** | |

## Loan Terms

| | | Can this amount increase after closing? |
|---|---|---|
| **Loan Amount** | 558,440.00 | |
| **Interest Rate** | % | |
| **Monthly Principal and Interest** *See Projected Payments below for your Estimated Total Monthly Payment* | | |
| | | Does the loan have these features? |
| **Prepayment Penalty** | | |
| **Balloon Payment** | | NO |

## Projected Payments

| Payment Calculation | Years 1-7 |
|---|---|
| Principal and Interest | |
| Mortgage Insurance | + |
| Estimated Escrow *Amount can increase over time* | + |
| **Estimated Total Monthly Payment** | |

| Estimated Taxes, Insurance and Assessments *Amount can increase over time See page 4 for details* | a month | **This estimate includes** ☐ Property Taxes ☐ Homeowner's Insurance ☐ Other: *See Escrow Account on page 4 for details. You must pay for other property costs separately.* | **In escrow?** |
|---|---|---|---|

## Costs at Closing

| **Closing Costs** | 9,859.13 | Includes 3,838.50 in Loan Costs + 6,020.63 in Other Costs - 0.00 in Lender Credits. *See Page 2 for details.* |
|---|---|---|
| **Cash to Close** | 548.75 | Includes Closing Costs. *See Calculating Cash to Close on page 3 for details.* ☐ From ☒ To Borrower |

## Closing Cost Details

| Loan Costs | | Borrower-Paid | | Seller-Paid | | Paid by Others |
|---|---|---|---|---|---|---|
| | | At Closing | Before Closing | At Closing | Before Closing | |
| **A. Origination Charges** | | | | | | |
| 01. % of Loan Amount(Points) | | | | | | |
| **B. Services Borrower Did Not Shop For** | | | | | | |
| **C. Services Borrower Did Shop For** | | **3,838.50** | | | | |
| 01. Estoppel Fee | to CondoCerts | | | 240.00 | | |
| 02. Title - Env. Protection Lien - ALTA 8.1 | to Innovative Title Services, LLC | 50.00 | | | | |
| 03. Title - Florida Form 9 | to Innovative Title Services, LLC | 346.00 | | | | |
| 04. Title - Lender's Title Insurance | to Innovative Title Services, LLC | 2,867.50 | | | | |
| 05. Title - Planned Unit Development - ALTA 5 | to Innovative Title Services, LLC | 50.00 | | | | |
| 06. Title - Settlement or Closing Fee | to Innovative Title Services, LLC | 525.00 | | 1,000.00 | | |
| 07. Title Search | to Old Republic | | | 85.00 | | |
| **D. TOTAL LOAN COSTS (Borrower Paid)** | | **3,838.50** | | | | |
| Loan Costs Subtotals (A+B+C) | | 3,838.50 | | 1,325.00 | | |

| Other Costs | | | | | | |
|---|---|---|---|---|---|---|
| **E. Taxes and Other Government Fees** | | **3,270.63** | | | | |
| 01. Recording Fees    Deed: 18.50   Mortgage: 171.50 | | 190.00 | | | | |
| 02. eRecording Fee | to Seminole Co. Clerk of the Court | 9.00 | | | | |
| 03. Intangible tax | to Seminole Co. Clerk of the Court | 1,116.88 | | | | |
| 04. Transfer Taxes | to Seminole Co. Clerk of the Court | 1,954.75 | | 3,899.00 | | |
| **F. Prepaids** | | | | | | |
| 01. Homeowner's Insurance Premium (0 mo.) | | | | | | |
| **G. Initial Escrow Payment at Closing** | | | | | | |
| **H. Other** | | **2,750.00** | | | | |
| 01. 2018 Property Taxes | to Seminole County Tax Collector | | | | 5,866.97 | |
| 02. 2019 Association Dues | to Lake Forest Master Community Association | 2,450.00 | | | | |
| 03. Bankruptcy Estate Fee | to Court Order Bankruptcy Estate Distribution | | | 27,850.00 | | |
| 04. Closing Coordination Fee | to Ocean Title, LLC | | | 395.00 | | |
| 05. Municipal Lien Search | to Forseti Real Estate Services | | | 75.00 | | |
| 06. Real Estate Commission | to Tolaris Realty Group LLC | | | 11,140.00 | | |
| 07. Real Estate Commission | to Keller Williams Winter Park | | | 22,280.00 | | |
| 08. Recording of Motion to See | to Seminole Co. Clerk of the Court | | | 27.00 | | |
| 09. Survey | to Ireland Surveying, Inc. | 300.00 | | | | |
| 10. Title - Owner's Title Insurance (Optional) | to Innovative Title Services, LLC | | | 350.00 | | |
| 11. Trustee's Liability Insurance | to BK Trustee Liability Insurance | | | 850.00 | | |
| **I. TOTAL OTHER COSTS (Borrower Paid)** | | **6,020.63** | | | | |
| Other Costs Subtotals (E+F+G+H) | | 6,020.63 | | 66,866.00 | 5,866.97 | |
| **J. TOTAL CLOSING COSTS (Borrower Paid)** | | **9,859.13** | | | | |
| Closing Costs Subtotals (D+I) | | 9,859.13 | | 68,191.00 | 5,866.97 | |
| Lender Credits | | | | | | |

## Calculating Cash to Close

Use this table to see what changed from your Loan Estimate.

| | Loan Estimate | Final | Did this change? |
|---|---|---|---|
| Total Closing Costs J | | 9,859.13 | |
| Closing Costs Paid Before Closing | | | |
| Closing Costs Financed | | | |
| Paid from your Loan Amount | | | |
| Down Payment/Funds from Borrower | | -1,440.00 | |
| Deposit | | - 6,070.00 | |
| Funds for Borrower | | | |
| Seller Credits | | | |
| Adjustments and Other Credits | | -2,897.88 | |
| Cash to Close | | -548.75 | |

## Summaries of Transactions

Use this table to see a summary of your transaction.

| BORROWERS TRANSACTION | | SELLERS TRANSACTION | |
|---|---|---|---|
| K. Due from Borrower at Closing | 567,006.46 | M. Due to Seller at Closing | 557,147.33 |
| 01  Sale price of Property | 557,000.00 | 01  Sale price of Property | 557,000.00 |
| 02  Sale price of Any Personal Property Include in Sale | | 02  Sale price of Any Personal Property Include in Sale | |
| 03  Closing Costs Paid at Closing J. | 9,859.13 | 03 | |
| 04 | | 04 | |
| Adjustments | | 05 | |
| 05 | | 06 | |
| 06 | | 07 | |
| 07 | | 08 | |
| Adjustments for Items Paid by Seller in Advance | | Adjustments for Items Paid by Seller in Advance | |
| 08  City/Town Taxes    02/04/2019 to 09/30/2019 | 147.33 | 09  City/Town Taxes    02/04/2019 to 09/30/2019 | 147.33 |
| 09  County Taxes              to | | 10  County Taxes              to | |
| 10  Assessments              to | | 11  Assessments              to | |
| 11 | | 12 | |
| 12 | | 13 | |
| 13 | | 14 | |
| 14 | | 15 | |
| 15 | | 16 | |
| L. Paid Already by or on behalf of Borrower at Closing | 567,555.21 | N. Due from Seller at Closing | 557,147.33 |
| 01  Deposit | 6,070.00 | 01  Excess Deposit | |
| 02  Loan Amount | 558,440.00 | 02  Closing Costs Paid at Closing J. | 68,191.00 |
| 03  Existing Loan is Assumed or Taken Subject to | | 03  Existing Loan is Assumed or Taken Subject to | |
| 04 | | 04  Payoff of First Mortgage Loan | 419,126.97 |
| 05 | | 05  Payoff of Second Mortgage Loan | 46,000.00 |
| Other Credits | | 06 | |
| 06  Seller's Portion of Title Insurance | 2,510.00 | 07  Florida Capital Bank | 20,784.15 |
| 07 | | 08  Seller's Portion of Title Insurance | 2,510.00 |
| Adjustments | | 09 | |
| 08 | | 10 | |
| 09 | | 11 | |
| 10 | | 12 | |
| 11 | | 13 | |
| Adjustments for Items Unpaid by Seller | | Adjustments for Items Unpaid by Seller | |
| 12  City/Town Taxes              to | | 14  City/Town Taxes              to | |
| 13  County Taxes    01/01/2019 to 02/04/2019 | 535.21 | 15  County Taxes    01/01/2019 to 02/04/2019 | 535.21 |
| 14  Assessments              to | | 16  Assessments              to | |
| 15 | | 17 | |
| 16 | | 18 | |
| 17 | | 19 | |
| 18 | | 20 | |
| 19 | | 21 | |
| CALCULATION | | CALCULATION | |
| Total Due from Borrower at Closing K. | 567,006.46 | Total Due to Seller at Closing M. | 557,147.33 |
| Total Paid Already by or on Behalf of Borrower at Closing L. | 567,555.21 | Total Due from Seller at Closing N. | 557,147.33 |
| Cash to Close     ☐ From  ☒ To Borrower | 548.75 | Cash     ☐ From  ☒ To Seller | |

## Additional Information About This Loan

**Loan Disclosures**

**Assumption**
If you sell or transfer this property to another person, your lender
☐ will allow, under certain conditions, this person to assume this loan on the original terms.
☐ will not allow assumption of this loan on the original terms.

**Demand Feature**
Your loan
☐ has a demand feature, which permits your lender to require early repayment of your loan. You should review your note for details.
☐ does not have a demand feature.

**Late Payment**
If your payment is more than 0 days late, your lender will charge a late fee of 0 % of the monthly principal and interest payment.

**Negative Amortization** (Increase in Loan Amount)
Under your loan terms, you
☐ are scheduled to make monthly payments that do not pay all of the interest due that month. As a result, your loan amount will increase (negatively amortize), and your loan amount will likely become larger than your original loan amount. Increases in your loan amount lower the equity you have in this property.
☐ may have monthly payments that do not pay all of the interest due that month. If you do, your loan amount will increase (negatively amortize), and, as a result, your loan amount may become larger than your original loan amount. Increases in your loan amount lower the equity you have in this property.
☐ do not have a negative amortization feature.

**Partial Payments**
Your lender
☐ may accept payments that are less than the full amount due (partial payments) and apply them to your loan.
☐ may hold them in a separate account until you pay the rest of the payment, and then apply the full payment to your loan.
☐ does not accept any partial payments.
If this loan is sold, your new lender may have a different policy.

**Security Interest**
You are granting a security interest in
781 Whooping Crane Court
Sanford, FL 32771

COUNTY: Seminole
PARCEL ID NUMBER: 20-19-30-515-0000-6530

You may lose this property if you do not make your payments or satisfy other obligations for this loan.

**Escrow Account**
*For now,* your loan
☐ will have an escrow account (also called an "impound" or "trust" account) to pay the property costs listed below. Without an escrow account, you would pay them directly, possibly in one or two large payments a year. Your lender may be liable for penalties and interest for failing to make a payment.

| Escrow | | |
|---|---|---|
| Escrowed Property Costs over Year 1 | | Estimated total amount over 1 year for your escrowed property costs: Homeowner's Insurance *Property Taxes* |
| Non-Escrowed Property Costs over Year 1 | | Estimated total amount over 1 year for your non-escrowed property costs: Homeowner's Association Dues  You may have other property costs. |
| Initial Escrow Payment | | A cushion for the escrow account you pay at closing. See Section G on page 2. |
| Monthly Escrow Payment | | The amount included in your total monthly payment. |

☐ will not have an escrow account because ☐ you declined it ☐ your lender does not offer one. You must directly pay your property costs, such as taxes and homeowner's insurance. Contact your lender to ask if your loan can have an escrow account.

| No Escrow | | |
|---|---|---|
| Estimated Property Costs over Year 1 | | Estimated total amount over year 1. You must pay these costs directly, possibly in one or two large payments a year. |
| Escrow Waiver Fee | | |

**In the future,**
Your property costs may change and, as a result, your escrow payment may change. You must be able to cancel your escrow account, but if you do, you must pay your property costs directly. If you fail to pay your property taxes, your state or local government may (1) impose fines and penalties or (2) place a tax lien on the property. If you fail to pay any of your property costs, your lender may (1) add the amounts to your loan balance, (2) add an escrow account to your loan, or (3) require you to pay for property insurance that the lender buys on your behalf, which likely would cost more and provide fewer benefits than what you could buy on your own.

| **Loan Calculations** | |
|---|---|
| **Total of Payments.** Total you will have paid after you make all payments of principal, interest, mortgage insurance, and loan costs, as scheduled. | |
| **Finance Charge.** The dollar amount the loan will cost you. | |
| **Amount Financed.** The loan amount available after paying your upfront finance charge. | 558,440.00 |
| **Annual Percentage Rate (APR).** Your costs over the loan term expressed as a rate. This is not your interest rate. | % |
| **Total Interest Percentage (TIP).** The total amount of interest that you will pay over the loan term as a percentage of your loan amount. | % |



**Questions?** If you have questions about the loan terms or costs on this form, use the contact information below. To get more information or make a complaint, contact the Consumer Financial Protection Bureau at **www.consumerfinance.gov/mortgage-closing**

**Other Disclosures**

**Appraisal**
If the property was appraised for your loan, your lender is required to give you a copy at no additional cost at least 3 days before closing. If you have not yet received it, please contact your lender at the information listed below.

**Contract Details**
See your note and security instrument for information about
- what happens if you fail to make your payments,
- what is a default on the loan,
- situations in which your lender can require early repayment of the loan, and
- the rules for making payments before they are due.

**Liability after Foreclosure**
If your lender forecloses on this property and the foreclosure does not cover the amount of the unpaid balance on this loan,
☐ state law may protect you from liability for the unpaid balance. If you refinance or take on any additional debts on this property, you may lose this protection and have to pay any debt remaining even after foreclosure. You may want to consult a lawyer for more information.
☐ state law does not protect you from liability for the unpaid balance.

**Refinance**
Refinancing this loan will depend on your future financial situation, the property value, and market conditions. You may not be able to refinance this loan.

**Tax Deductions**
If you borrow more than this property is worth, the interest on the loan amount above this property's fair market value is not deductible from your federal income taxes. You should consult a tax advisor for more information.

| **Contact Information** | **Lender** | **Mortgage Broker** | **Real Estate Broker (B)** | **Real Estate Broker (S)** | **Settlement Agent** |
|---|---|---|---|---|---|
| **Name** | CrossCountry Mortgage Inc. | | Tolaris Realty Group LLC | Keller Williams Winter Park | Innovative Title Services, LLC |
| **Address** | 6850 Miller Road<br>Brecksville, Ohio 44141 | | 690 Lake Forest Blvd.<br>Sanford, Florida 32771 | 147 W. Lyman Ave<br>Winter Park, FL 32789 | 217 N. Westmonte Dr, Suite 1004<br>Altamonte Springs, FL 32714 |
| **NMLS ID** | 320013 | | | | |
| **ST License ID** | | | SL3397094 | SL3043800 | W348021 |
| **Contact** | Bill Siegrist | | Fiona Veitch | Lyn B. Henderson | Mark Wright |
| **Contact NMLS ID** | 3029 | | | | |
| **Contact ST License ID** | | | CQ1042035 | CQ1047416 | A290987 |
| **Email** | bill.siegrist@<br>myccmortgage.com | | f.veitch@yahoo.com | lyn@gtflorida.com | markw@itsfla.com |
| **Phone** | 407-890-5522 | | | 407-476-1808 | 407-332-8111 |

**Confirm Receipt**

By signing, you are only confirming that you have received this form. You do not have to accept this loan because you have signed or received this form.

Stuart A. Etter                    12/18/2018        Cristina R. Etter                    12/18/2018

**Florida Insurance Premium Disclosure and Settlement Agent Certification**

Agency File #: KW-3574                                     Closing Date: 02/04/2019

You are being given this form and certification to explain differences between Federal and Florida law. Federal law requires the costs of the policies to be calculated using full premium for the lender policy. Florida law allows the premium for the lender's policy to be calculated using a lower rate when purchased along with an owner's policy.

If both an owner's policy and a lender's policy are being purchased, the title insurance premiums on this form might differ from the premiums on the Closing Disclosure. The owner's policy premium listed on the Closing Disclosure will probably be lower than on this form, and the lender's policy premium will probably be higher.

The chart below lists the amounts disclosed by the lender and the premium for the polices being purchased. These amounts include charges for endorsements to the policies:

|  | Closing Disclosure Amount | | Florida Premium | |
|---|---|---|---|---|
|  | **Buyer** | **Seller** | **Buyer** | **Seller** |
| (a) Lender's policy: | 2,867.50 |  | 357.50 |  |
| (b) Lender's endorsements: | 446.00 |  | 446.00 |  |
| **(c) Lender's Policy Total:** | 3,313.50 |  | 803.50 |  |
| (d) Owner's policy: | -2,510.00 | 2,860.00 |  | 2,860.00 |
| (e) Owner's endorsements: |  |  |  |  |
| **(f) Owner's Policy Total:** | -2,510.00 | 2,860.00 |  | 2,860.00 |
| **Total All Policies (c + f):** | 803.50 | 2,860.00 | 803.50 | 2,860.00 |

The total dollar amount for the policies as disclosed on this form should be equal to the total premium calculated using the Florida Insurance Code. The Florida Premium amounts listed above will be used to disburse the funds from the title agency's escrow account to Old Republic National Title Insurance Company and Innovative Title Services, LLC

The undersigned hereby certify that they have carefully reviewed the Closing Disclosure or other settlement statement form and they approve and agree to the payment of all fees, costs, expenses and disbursement as reflected on the Closing Disclosure or other settlement statement form to be paid on their behalf. We further certify that we have received a copy of the Closing Disclosure or other settlement statement.

Seller(s)                                                                    Buyer/Borrower(s)

_____                _____
Richard Webber as Trustee for the BK Estate of              Stuart A. Etter

_____                _____
Kerri Boos                                                                   Cristina R. Etter

| Settlement Agent Certification |
|---|
| I have reviewed the Closing Disclosure, the settlement statement, the lender's closing instructions and any and all other forms relative to the escrow funds, including any disclosure of the Florida title insurance premiums being paid, and I agree to disburse the escrow funds in accordance with the terms of this transaction and Florida law. |

| Settlement Agent Signature | Date Signed |
|---|---|
| Print Name:_____ |  |



December 14, 2018

Laura Barton
BK Global
1095 Broken Sound Pkwy NW
Suite 100
Boca Raton, FL 33487

Re: Case #18-04858; Short Sale Offer for 781 Whooping Crane Court Sanford, FL 32771

Ms. Barton:

Florida Capital Bank, N.A. has received and reviewed the Short Sale Offer for Matthew and Kerri Boos regarding the property located at 781 Whooping Crane Court Sanford, FL 32771. Florida Capital Bank, N.A. hereby accepts the offer and will release our lien upon receipt of funds in the amount of $20,784.15.

If you have any questions or concerns, please do not hesitate to contact the undersigned at 904-245-7053.

Sincerely,

*Kimberly Smith*

Kimberly Smith
SBA Loan Servicing Specialist